**In re Gale HALVORSON and Shelene Halvorson, Debtors.**

**Bankruptcy No. 88–05952.**

United States Bankruptcy Court,
D. North Dakota.

May 26, 1989.

Max D. Rosenberg, Bismarck, N.D., for debtors.

Thomas Peterson, Moorhead, Minn., for Butler Machinery.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matter before the court is a Motion for Relief from Stay filed by Butler Machinery Company (Butler) on February 17, 1989. Within the context of the motion it is also necessary to determine the nature and extent of a security interest. A hearing was held on the motion on May 9, 1989. From the testimony and exhibits introduced at the hearing the court finds the following facts:

### Findings of Fact

On November 14, 1987, Gale Halvorson executed a Buyers Order to purchase a King Lowboy trailer from Butler. The purchase price for the trailer was $16,690.00. The Buyers Order describes the trailer in detail and provides that the trailer will be financed as follows: "$2,000.00 down, $1,000.00 due Feb. 1, 1988 and March 1, 1988—$1240 per month July through Dec. 1988 and July through Dec. 1989." Paragraph 3 of the terms set forth on the back of the Buyers Order provides:

> Unless the machinery is paid for in full in cash at time of delivery, seller retains a security interest in such machinery within the meaning of the Uniform Commercial Code together with all and any substitutions, additions or accessions.... Buyer, prior to or after delivery, specifically agrees to enter into and execute a Financing Statement or statements, and a Security Agreement, setting forth the terms and conditions of the agreement between the parties in relation to the security interest of the seller. In event buyer fails to enter into such Security Agreement with the seller, the entire balance of the purchase price shall at seller's option become due and payable, and the seller shall have all remedies available to him provided for and set out in the Uniform Commercial Code, and at seller's option this order may be treated by seller as a security agreement insofar as the law allows and insofar as sellers' security interest is perfected. Buyer further agrees to execute and deliver to seller any other notes, or evidences of indebtedness that may be required by the seller....

Just above the signature line on the Buyers Order in bold print, it states, "Buyer acknowledges he has read (both sides) and received copy of this entire order."

Halvorson paid the $2,000.00 down payment on November 14, 1987, and took pos-

session of the trailer. Butler retained the title certificate to the trailer but did not have its lien noted on the certificate. Halvorson agreed to return at a later date to execute documents including a conditional sales contract, which included a promissory note; a security agreement; and a financing statement. Butler prepared the documents but Halvorson did not return to sign them. Nor did Halvorson make any further payments to Butler. He took the trailer to Las Vegas, Nevada where it has essentially stood idle. Its value is now less than $14,690.00. The Debtors filed a Chapter 7 petition on November 14, 1988, and converted their case to Chapter 11 on January 9, 1989.

### Conclusions of Law

Section 362(d)(2) provides that relief from stay shall be granted if the Debtors have no equity in the property and the property is not necessary for an effective reorganization. Butler argues that the Debtors have no equity in the trailer because the sale was not consummated and title never passed to the Debtors. The Debtors respond that title did pass and that Butler merely has an unperfected security interest which the Debtors may avoid using the strong arm powers of section 544. Butler states that if title did pass it has a perfected security interest.

The dispositive issue in this case is whether Butler has a perfected security interest in the trailer. The Debtors admit that, pursuant to paragraph 3 of the terms of the Buyers Order, the Buyers Order constitutes a security agreement upon which the Debtors are in default. Debtors' brief at 2. Thus the issue becomes whether Butler's security interest was perfected. Section 35-01-05.1 of the North Dakota Century Code is the sole North Dakota statute setting forth the method of perfecting a security interest in a titled vehicle which is not held as inventory. *In re Star Safety, Inc.,* 39 B.R. 755, 757 (Bankr.D.N.D.1984). Section 35-01-05.1 provides:

> No security interest in a vehicle which is not inventory held for sale shall be valid as against subsequent purchasers and encumbrances of the property in good

faith and for value unless the security interest is clearly indicated on the certificate of title to the vehicle or unless such certificate of title is in the possession of the secured party....

Section 41-09-23(3)(b) provides that it is not necessary to file a financing statement to perfect a security interest in titled vehicles subject to section 35-01-05.1. Section 35-01-05.1 does not create a statutory lien but is rather a recording statute setting out the mechanism for perfecting a security interest in a titled vehicle. *Star,* 39 B.R. at 757.

The Debtors' argument that Butler's security interest must be noted on the title certificate to be perfected is unpersuasive in light of the alternative construction of section 35-01-05.1. While the North Dakota Supreme Court has not had occasion to interpret section 35-01-05.1, the statute expressly provides that a secured party may perfect its interest either by having its interest noted on the face of the certificate or by taking possession of the certificate. In this case Butler retained possession of the title certificate. The Debtors argue that possession of the title certificate is insufficient because section 39-05-17.1 creates a duty for the seller of a titled vehicle to convey the title certificate to the purchaser. Thus the Debtors assert that if the seller has a duty to surrender possession of the certificate the only way to perfect is to have an interest noted on the certificate. Section 39-05-17.1 provides:

> Every person ... upon the sale and delivery of any vehicle for which a certificate of title is required shall within fifteen days after sale deliver to the vendee a certificate of title covering the vehicle endorsed according to law. *If the vehicle is subject to any liens, the certificate of title must be delivered to the first lien holder.*

N.D.Cent.Code § 39-05-17.1 (1987) (emphasis added). The last sentence of section 39-05-17.1 makes it clear that a seller who finances the sale of a titled vehicle does not have a duty to convey the title certificate to the purchaser. As first lien holder the

seller may retain possession of the certificate. This provision supports the proposition that possession of the certificate alone is sufficient to perfect a security interest under North Dakota law. Accordingly, the court concludes that Butler has a perfected security interest in the trailer. Hence even if the Debtors were to win their argument that title passed to them from Butler they still could not create any equity in the trailer under section 544 because Butler holds a perfected security interest in the trailer.

■ It is the debtor's burden to establish that property for which relief from stay is sought is necessary to an effective reorganization. *United Savings v. Timbers of Inwood Forest*, 484 U.S. 365, ——, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988). In the instant case the Debtors have presented no evidence indicating the trailer is necessary to an effective reorganization. It appears that the Debtors have not even used the trailer since towing it to Nevada. Accordingly, the court concludes that the trailer is not necessary to the Debtors' reorganization and relief from stay is appropriate under section 362(d)(2). Moreover, section 362(d)(1) provides that the court may lift the automatic stay for cause. In this instance cause exists in the danger to Butler in having its secured collateral removed to Nevada where it cannot effectively monitor it.

Accordingly, for the reasons stated, Butler Machinery Company's motion for relief from the automatic stay with respect to a King Lowboy trailer is GRANTED.

SO ORDERED.